

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0992-15

**ANTWAIN MAURICE BURKS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS
## FORT BEND COUNTY

**ALCALA, J., filed a dissenting opinion.**

### DISSENTING OPINION

Because intermediate courts of appeals will find it impossible to comply with the

approach set forth by this Court's majority opinion, I must respectfully dissent in this case.

This Court's majority opinion holds that, when an appellant raises a global complaint

challenging the sufficiency of the evidence to support his conviction, a court of appeals must

*sua sponte* examine the entire record for any evidence supporting each of the elements of the

offense, or, alternatively, it must permit him to file a supplemental brief, even if he has

presented no particular argument challenging the sufficiency of the evidence as to one or more of the elements.  Despite an appellant's failure to assert arguments and authority in his initial appellate brief, a supplemental brief requested by an appellate court would likely require an appellant to articulate his arguments more specifically, provide legal authority, and include citations to the pertinent parts of the record.  This novel approach to appeals presents a sea change in the traditional view that, except for structural errors, an appellant must, at a minimum, actually present some argument to an appellate court before the court may consider reversing a conviction on that basis.  Although I applaud this Court's majority opinion for seeking to ensure that convictions are supported by sufficient evidence, I cannot join that opinion in its adoption of an approach that will prove to be unworkable in the appellate courts.

The problems in this case stem from the apparent failure of appellate counsel to adequately brief and argue the issue of the sufficiency of the evidence on direct appeal. Rather than upend established traditional rules of appellate procedure as a means of correcting this failure, there is an avenue, albeit one that is much more difficult, by which appellant might obtain relief from his conviction—that is, through an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  Although that process would not permit relief on the basis of insufficient evidence, appellant could obtain relief if he showed, for example, that his appellate attorney rendered ineffective assistance of counsel by failing to adequately challenge the sufficiency of the evidence to establish the

element of appellant's intent to impair the availability of the body as evidence in a subsequent investigation or official proceeding.

I acknowledge that, for two reasons, even if the evidence is legally insufficient to establish the element of intent to impair, habeas relief is a much more difficult avenue of relief for appellant than direct appeal. First, unless an applicant can convince a trial court that the interests of justice require it to appoint habeas counsel for him, he will be required to proceed pro se in his habeas application if he is indigent. Regardless of whether they have actual merit, most habeas applications filed by indigent pro se applicants will fail due to their lack of expertise in meeting the pleading and proof requirements for a claim of ineffectiveness. Thus, assuming he is indigent and that the trial court acts in conformance with the vast majority of other trial courts by declining to appoint habeas counsel for appellant, his habeas application will likely fail on the basis of a pleading and proof deficiency, irrespective of its merits.

Second, for appellant to prevail in a post-conviction habeas application on the basis of ineffective assistance of appellate counsel, he would need to meet an additional layer of proof than what he would be required to establish on direct appeal. To prevail in a legal sufficiency challenge on direct appeal, an appellant would have to show that a rational trier of fact could not have found one or more of the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). But, to prevail in a post-conviction habeas application, an appellant would additionally have to prove, for example,

that his appellate attorney performed deficiently by failing to assert that complaint on direct appeal, and that that deficient performance prejudiced him in that an appellate court would have likely reversed his conviction on direct appeal if that complaint had been asserted. *See, e.g., Ex parte Flores,* 387 S.W.3d 626, 639 (Tex. Crim. App. 2012).

Given these problems with habeas applications, I come back to whether this Court should do exactly what this Court's majority opinion proposes by permitting an appellant to raise a global sufficiency-of-the-evidence challenge and placing the burden on appellate courts to determine whether there is evidence on each of the required elements. As much as I believe that habeas litigation is fraught with problems in the manner that this Court currently implements it in its refusal to require habeas courts to appoint counsel for indigent defendants when the interests of justice require it, I would be even more concerned with the upending of traditional briefing requirements in the intermediate appellate courts that would congest the resolution of almost every appeal. The large volume of sufficiency-of-the-evidence challenges, each involving discrete elements that would require a *sua sponte* review of the record or supplemental briefing in almost every appeal, would clog the courts and impede the timely and orderly disposition of appeals.

The answer to this case is not to impose a new procedural requirement on direct appeals for intermediate courts. The answer to this case is for this Court to enforce Article 1.051 of the Code of Criminal Procedure that requires habeas courts to appoint counsel in the interests of justice for an indigent habeas applicant. *See* TEX. CODE CRIM. PROC. art.

1.051(d)(3). Only then will habeas litigation under Article 11.07 be a real forum for relief in appropriate cases filed by all applicants, and not merely those applicants who can afford to hire an attorney to represent them during that process.

Because the relief awarded by this Court's majority opinion would systematically upend the normal procedural rules that require that an appellant's arguments be clearly and concisely briefed on appeal, and because this revised approach would result in an unworkable requirement for intermediate appellate courts, I cannot join it. For this reason, I respectfully dissent.

Filed: November 2, 2016

Do Not Publish